```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


RICHARD HANSEN,                  )
                                 )
          Plaintiff              )
                                 )
     v.                          )   Case No. 2:06 cv 368
                                 )
UNITED STATES STEEL CORPORATION, )
                                 )
          Defendant              )
```

OPINION AND ORDER

This matter is before the court on the Motion to Dismiss the Complaint, or, in the Alternative, for Summary Judgment filed by the defendant, United States Steel Corporation, on August 3, 2007 (DE 15); the Motion for Leave to File Amended Complaint filed by the plaintiff, Richard Hansen, on September 16, 2007 (DE 21); and the Joint Request for Extension of Time and Status Conference filed by the parties on December 18, 2007 (DE 25).  For the reasons set forth below, the motion to dismiss is **GRANTED**, the motion for leave to amend the complaint is **DENIED**, and the request for extension of time is **DENIED AS MOOT.**

Background

The plaintiff, Richard Hansen, filed this claim against his employer, United States Steel Corporation ("U.S. Steel"), alleging a violation of 29 U.S.C. §701 of the Rehabilitation Act. Hansen claims he was discharged from his job in retaliation for filing his previous charge under the Americans with Disabilities Act ("ADA"), which had been resolved by a settlement agreement between Hansen and U.S. Steel on April 13, 2006.  Less than one

month after entering the settlement agreement, on May 2, 2006, Hansen sustained an injury while performing his job duties and ultimately was terminated for asserted violations of job safety procedures.  Hansen claims that "but for" the previous charge of discrimination under the ADA, this adverse employment action would not have been taken.

Hansen's injury occurred when he was unloading a scrap metal box by hand, and the resulting severe laceration of his right thumb required medical care and time off from employment.  U.S. Steel asserted that Hansen had violated the safe job procedures ("SJPs") for the activity that Hansen was engaged in at the time of the injury.  U.S. Steel asserted that Hansen violated the Scrap Handling SJP 4961L002SJP by pulling out the scrap with only a gloved hand, rather than with tongs, and by standing on scrap metal when attempting to retrieve scrap from the box.  Hansen maintained that a different SJP applied to him as a Tractor Operator, SJP 4961Y013SJP, which states that when unloading scrap by hand, Kevlar gloves and wristlets must be worn.  Hansen declared that his actions were not in conflict with this SJP, which applies to his job position.  Given the choice of signing a "Last Chance Agreement" or facing termination, Hansen refused to sign the "Last Chance Agreement," and he was fired on May 18, 2006, for violation of safety rules and impeding an accident investigation.

Hansen filed three grievances with his union and a worker's compensation claim against U.S. Steel when he was given the

2

choice between termination and signing the "Last Chance Agreement." These grievances and claims all have been resolved favorably to Hansen. The unemployment compensation claim was adjudicated in Hansen's favor by an Administrative Law Judge, and Hansen was awarded unemployment benefits, including retroactive benefits back to December 19, 2006, the date to which he had received worker's compensation benefits.

The three grievances for wrongful discharge for SJP violations and impeding the accident investigation resulted in an arbitration ruling in Hansen's favor on May 30, 2007. The arbitrator ruled that Hansen had been discharged improperly and ordered U.S. Steel to reinstate Hansen with all appropriate financial relief. This award included back pay for the time he did not work, minus the unemployment compensation benefits he received, profit-sharing moneys pursuant to distributions that were made following his termination, and reimbursement of medical expenses he incurred and paid personally after his termination. On June 11, 2007, Hansen returned to work in the same position, doing the same work at the same labor grade which he had attained prior to the injury.

Both the unemployment compensation ALJ and the arbitrator found that the SJPs that U.S. Steel alleged Hansen violated when he was injured did not apply to Hansen's job position. The SJPs that U.S. Steel claimed Hansen violated were those designated for scrap handlers, not tractor operators such as Hansen. Evidence showed that after Hansen's accident, U.S. Steel revised the

tractor operator SJP to require the use of tongs whenever handling scrap, the first time such obligation was required for tractor operators.  Both the ALJ and arbitrator also found that Hansen did not impede the accident investigation due to his amenability to answering questions over the phone on May 4, 2006, and his offer to meet near the plant with a manager on May 5, 2006.  The manager had declined the offer to meet that day, and agreed to wait until Hansen was finished taking his Vicodin and could drive to the plant safely on May 10, 2006.

After both the ALJ's judgment in favor of Hansen and the arbitrator's award, U.S. Steel filed a Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment, arguing that the awards from the two proceedings have made Hansen whole and that there remains no further relief which the court can award in this case.  In response to U.S. Steel's Motion, Hansen first filed a Motion for Leave to File Amended Complaint, followed the next day with his Response to the pending motion.  At a March 2, 2007 scheduling conference, this court established a deadline of March 30, 2007, for any amendments to the pleadings without obtaining leave of court.

## Discussion

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *See generally* **Foman v. Davis**, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).  This

4

Circuit has recognized that because the complaint merely serves to put the defendant on notice, it should be freely amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant. *Jackson v. Rockford Housing Authority*, 213 F.3d 389, 390 (7th Cir. 2000).  The decision of the court to deny leave to amend a complaint is an abuse of discretion "only if 'no reasonable person could agree with the decision.'" *Winters v. Fru-Con, Inc.*, 498 F.3d 734, 741 (7th Cir. 2007) (*quoting* *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 925 (7th Cir. 2004); *Ajayi v. Aramark Business Services*, 336 F.3d 520, 530 (7th Cir. 2003).

Amendments are freely allowed for electing a different remedy than the one originally requested, and a party desiring to change the demand for relief may do so under Rule 15(a).  6 Wright & Miller, *Federal Practice & Procedure* §1474, at 547 (2d ed. 1990).  However, a motion to amend is more likely to be denied if it takes place at a relatively late stage in the proceedings. *Winters*, 498 F.3d at 741. *See also* *James v. McCaw Cellular Communications, Inc.,* 988 F.2d 583 (5th Cir. 1993) (holding that the district court did not abuse its discretion in denying plaintiff's motion to amend where the motion was filed almost 15 months after original complaint, ten months after the joinder deadline, five months after the deadline for amendments, and three weeks after the defendant filed a motion for summary judgment).  The moving party bears the burden to show some valid reason for neglect and delay in seeking to amended the complaint.

5

*Butts*, 387 F.3d 921. *See also* **NL Industries, Inc. v. GHR Energy Corp.,** 940 F.2d 957 (5th Cir. 1991) (holding that court did not abuse its discretion in denying a motion for leave to file second amended complaint where the plaintiff sought to amend its pleading two years after it first brought the defendant into the litigation, after the defendant had requested summary judgment, and the plaintiff provided no good reason for not acting sooner).

Leave to amend properly may be denied at the district court's discretion for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." **Foman***,* 371 U.S. at 182, 83 S.Ct. at 230.  "The court may deny a motion to amend based, at least in part, on the fact that the motion to amend was filed after the final deadline set by the court for the filing of amendments."  61A *Am. Jur. 2d Pleading* §779 (2007).  *See* **Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.,** 933 F.2d 314 (5th Cir. 1991) (finding no abuse of discretion where the motion to amend was filed after the final deadline for filing of amendments and the proposed amendment would provide no benefit to movants).

In addition, the court may deny leave because the amendment is futile.  **Bethany Pharmacal Company, Inc. v. QVC, Inc.,** 241 F.3d 854, 861 (7th Cir. 2001).  Futility generally is measured by whether the amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). If a summary judgment

6

motion is pending, futility may be shown with reference to the entire summary judgment record. *Peoples v. Sebring Capital Corp.*, 209 F.R.D. 428, 430 (N.D. Ill. 2002).

Hansen has not carried his burden to show why the additional two remedies prayed for justify allowing the amended pleading more than five months after the agreed upon deadline.  Nothing in the two proposed remedies appears to be newly discovered, could not have been included in the original complaint, or filed before the deadline.  Hansen is correct in stating that a federal court has in its arsenal of remedies the power to award equitable remedies.  However, Hansen has not given any convincing arguments why such equitable remedies were not requested within the timetable set by the court for filing amendments.  The ALJ findings that Hansen had not violated the applicable SJP for his position were available to the plaintiff before the deadline, and thus, the request to have such SJP violations purged from his personnel file could have been timely made.  In addition, the records from the ALJ and the arbitration are thorough in their findings that Hansen did not violate any SJPs, giving him ample proof that U.S. Steel did not have just cause in his termination.

As to futility, the prayer requesting that U.S. Steel be enjoined "from any other acts of retaliation against the Plaintiff" fails as well.  In *City of Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983), the equitable remedy of injunction was unavailable absent a showing of irreparable injury, a requirement that cannot be met where there

7

is no showing of any real or immediate threat that the plaintiff will be wronged again.  An abstract injury is not enough to satisfy the threshold requirement of alleging an actual case or controversy.  *Lyons,* 461 U.S. at 101, 103 S.Ct. at 1665.  Rather, Hansen must show that he has sustained or is in danger of sustaining some direct injury as a result of the challenged conduct and that the threat of injury is both real and immediate, not conjectural or hypothetical.  *Lyons* 461 U.S. at 102, 103 S.Ct. at 1665.  Here, like in *Lyons*, Hansen's request for the court to enjoin U.S. Steel from future illegal acts is conjectural, hypothetical, and cannot be a legitimate claim gaining standing in federal court.  For the foregoing reasons, the Motion for Leave to File Amended Complaint is **DENIED.**

Because the defendant's motion to dismiss raises issues outside of the pleadings, pursuant to Rule 12(b), the motion is treated as seeking summary judgment under Federal Rule of Civil Procedure 56.

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986); *Williams v. Excel Foundry & Machine, Inc*, 489 F.3d 309, 310 (7th Cir. 2007); *Treadwell v. Office of the Illinois Secretary of State*, 455 F.3d 778, 781 (7th Cir. 2006); *Branham v. Snow*, 392 F.3d 896, 901 (7th Cir. 2004).  The burden is upon the

8

moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); *Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A fact is material if it is outcome determinative under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); *Ballance v. City of Springfield, Illinois Police Department*, 424 F.3d 614, 616 (7th Cir. 2005); *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004); *Palmer v. Marion County*, 327 F.3d 588, 592 (7th Cir. 2003). Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts. *Spiegula v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004); *Hines v. British Steel Corporation*, 907 F.2d 726, 728 (7th Cir. 1990). Finally, summary judgment "will not be defeated simply because motive or intent are involved." *Roger v. Yellow Freight Systems, Inc.*, 21 F.3d 146, 148 (7th Cir. 1994). See also *Miller v. Borden, Inc.*, 168 F.3d 308, 312 (7th Cir. 1999); *Plair v E.J. Brach & Sons, Inc.*, 105 F.3d 343, 346 (7th Cir. 1997); *United Association of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1268 (7th Cir. 1990).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party

9

opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> ***Anderson***, 477 U.S. at 250, 106 S.Ct. at 2511

See also ***Scott v. Harris***, ___ U.S. ___, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment."); ***Celotex Corp***., 477 U.S. at 322-23, 106 S.Ct. at 2553; ***Branham***, 392 F.3d at 901; ***Lawrence***, 391 F.3d at 841; ***Hottenroth***, 388 F.3d at 1027 (stating that a genuine issue is one on which "a reasonable fact finder could find for the nonmoving party"); ***Schuster v. Lucent Technologies, Inc***., 327 F.3d 569, 573 (7th Cir. 2003).

The issue of standing is the first consideration of the court. The Supreme Court has determined that in order to bring a claim, a plaintiff must satisfy the three general requirements of Article III standing: (1) an injury in fact or immediate threat

of injury; (2) that is fairly traceable to the conduct of the defendant and; (3) a favorable court decision will likely redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Along this same reasoning, U.S. Steel has argued that the Seventh Circuit has held in *Kramer v. Banc of America Securities, LLC,* 355 F.3d 961, 965 (7th Cir. 2004), that compensatory and punitive damages are not available remedies for ADA retaliation claims, and therefore all of the available remedies prayed for in Hansen's complaint already have been awarded to him. *See also* *Tomao v. Abbott Laboratories,* No. 04 C 3470, 2007 WL 2225905 at *15 (N.D. Ill. July 31, 2007) ("It is undisputed that Tomao cannot recover compensatory or punitive damages for an ADA retaliation claim.") (citing *Kramer*, 355 F.3d at 965).

Through the administrative remedies and arbitration, Hansen has been reinstated in his previous job and paid all moneys that he lost by virtue of his discharge by U.S. Steel. Thus, in light of the denial of Hansen's motion to amend, with respect to his claim under the ADA, there is no further redress to which he is entitled. The court further notes that Hansen, in his complaint, states that his cause of action arises under Title VII (42 U.S.C. §2000e). However, nothing in the complaint or briefing takes this matter outside the scope of the ADA's retaliation provisions. *See* 42 U.S.C. §12203. There is no indication that the protections afforded by Title VII from discrimination based on "race, color, religion, sex, or national origin" are implicated in this matter.

11

*See* 42 U.S.C. §2000e-2; ***Kampmier v. Emeritus Corp.***, 472 F.3d 930, 939 (7th Cir. 2007) (*citing* ***Burlington N. & Santa Fe Ry. Co. v. White***, ___ U.S. ___, 126 S.Ct. 2405, 2410, 165 L.Ed.2d 345 (2006)) ("Under Title VII, unlawful retaliation occurs when an employer takes actions that 'discriminate against' an employee because she has opposed a practice that Title VII forbids.").

_____

For the foregoing reasons, the Motion to Dismiss the Complaint, or, in the Alternative, for Summary Judgment filed by the defendant, United States Steel Corporation, on August 3, 2007 (DE 15) is **GRANTED**; the Motion for Leave to File Amended Complaint filed by the plaintiff, Richard Hansen, on September 16, 2007 (DE 21) is **DENIED**; and the Joint Request for Extension of Time and Status Conference filed by the parties on December 18, 2007 (DE 25) is **DENIED AS MOOT.**

ENTERED this 7th day of February, 2008

                                s/ ANDREW P. RODOVICH
                                   United States Magistrate Judge